UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

_____
                                        :
**SECURITIES AND EXCHANGE**             :
**COMMISSION,**                         :
                                        :
      **Plaintiff,**           :
                                        :
  **v.**                           :
                                        :
**EDDY U. MARIN and**                   :
**SHANE R. SPIERDOWIS,**                :
                                        :
      **Defendants.**          :
_____:

## COMPLAINT

Plaintiff Securities and Exchange Commission alleges:

## INTRODUCTION

1. In 2013, Eddy U. Marin, who controlled Valentine Beauty Inc. ("VLBI"), a publicly-traded microcap issuer, coordinated a pump-and-dump scheme involving VLBI's securities.

2. In facilitating this manipulation scheme, Marin garnered the assistance of Shane R. Spierdowis, to whom VLBI illegally issued stock. Marin and Spierdowis orchestrated a marketing campaign to tout VLBI's purported operations, and then liquidated their shares into the primed market, all in violation of the registration and anti-fraud provisions of the federal securities laws.

3. Through their conduct, Marin and Spierdowis violated Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and 77e(c), Sections 17(a)(1) and (3) of the Securities Act, 15 U.S.C. § 77q(a)(1) and (3), and Section 10(b) of the Securities

Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rules 10b-5(a) and (c), 17 C.F.R. § 240.10b-5(a) and (c), and Marin additionally violated Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2).  Unless enjoined, Marin and Spierdowis are reasonably likely to engage in future violations of the federal securities laws.

## DEFENDANTS AND RELATED ENTITY

4. Marin, 56, is a resident of Davie, Florida.  Marin is a convicted felon, having been convicted in 2013 of Conspiracy to Obstruct Justice in the United States District Court for the Southern District of Florida.  At all relevant times, Marin concealed his control of VLBI.

5. Spierdowis, 27, is a resident of Boca Raton, Florida.  He was a self-employed stock promoter who used various entities to tout microcap stocks.

6. VLBI was a Nevada corporation with its principal executive offices located in Sunrise, Florida.  It purported to produce beauty products.  VLBI is in default with the Nevada Secretary of State, has not released any financial or other information publicly since 2014, and its website is no longer live.  Prior to the Commission suspending its securities on April 26, 2016, VLBI's stock was quoted on OTC Link operated by OTC Markets Group Inc.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to Sections 20(b), 20(d), and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(b), 77t(d), and 77v(a); and Sections 21(d), 21(e), and 27 of the Exchange Act, 15 U.S.C. §§ 78u(d), 78u(e), and 78aa.

8. This Court has personal jurisdiction over Marin and Spierdowis and venue is proper in the Southern District of Florida because Marin and Spierdowis's acts, transactions, practices, and courses of conduct giving rise to the violations alleged in this Complaint occurred in the Southern District of Florida.  In addition, during the relevant time period, Marin and

Spierdowis resided and VLBI had its principal place of business in the Southern District of Florida.

9. Marin and Spierdowis, directly and indirectly, have made use of the means and instrumentalities of interstate commerce, the means and instruments of transportation and communication in interstate commerce, and the mails, in connection with the acts, transactions, practices, and courses of conduct set forth in this Complaint.

## THE FRAUDULENT SCHEME

10. In or shortly before November 2013, Marin took steps to secretly take control of VLBI's publicly-traded shares (the "float"). Among other things, Marin caused VLBI to issue to himself and affiliated individuals and entities more than 50 million free trading VLBI shares – over 90% of the float.

11. In or about March 2014, Marin contacted Spierdowis about VLBI and told Spierdowis that he had full control over VLBI's securities, which, in turn, would make it easier for them to facilitate a "pump and dump" scheme.

12. During the first half of 2014, Marin directed the issuance of 10 million VLBI shares to himself and 10 million to Spierdowis. With respect to the shares he issued to himself, Marin caused VLBI to issue the shares to an entity Marin controlled in order to mask his affiliation with VLBI. With respect to the shares issued to Spierdowis, Marin caused the shares to be issued first to an entity he controlled, which then transferred the shares to Spierdowis, again for the purpose of concealing Marin's control of VLBI.

13. Upon receipt of his initial batch of VLBI shares, Spierdowis began coordinating with Marin on launching a marketing campaign involving VLBI press releases and internet and

email touts. Spierdowis paid other promoters to distribute the touts, instructing them when to issue the touts so that Spierdowis could time his stock sales with the touts.

14. The VLBI press releases and touts increased the liquidity of VLBI's stock. Marin and Spierdowis coordinated their stock sales with the issuance of the press releases and touts, enabling them to liquidate a significant portion of their shares into the hyped market and reap $117,252 and $149,565 in stock sale proceeds, respectively.

15. Marin and Spierdowis knowingly undertook a series of inherently deceptive acts in this pump-and-dump scheme, including: 1) causing VLBI to issue shares to them at a discounted rate, knowing Marin's role as a control person for VLBI; 2) coordinating and paying for a marketing campaign to tout VLBI for the sole purpose of creating an inflated market; and 3) dumping their shares for a profit.

## COUNT I

### VIOLATION OF SECTIONS 5(a) AND 5(c) OF THE SECURITIES ACT
**(Against Marin and Spierdowis)**

16. The Commission repeats and realleges paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. During 2014, Marin and Spierdowis, directly and indirectly:

   (a) made use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell securities, through the use or medium of a prospectus or otherwise;

   (b) carried or caused to be carried securities through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale; or

   (c) made use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security,

without a registration statement having been filed or being in effect with the Commission as to such securities.

18.     No valid registration statement was filed or in effect with the Commission pursuant to the Securities Act and no exemption from registration existed with respect to the securities and transactions described in this Complaint.

19.     By reason of the foregoing, Marin and Spierdowis violated and, unless enjoined, are reasonably likely to continue to violate Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).

## COUNT II

### VIOLATION OF SECTION 17(a)(1) OF THE SECURITIES ACT
**(Against Marin and Spierdowis)**

20.     The Commission repeats and realleges paragraphs 1 through 15 of its Complaint as if fully set forth herein.

21.     During 2014, Marin and Spierdowis, in the offer or sale of securities by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly knowingly or recklessly employed devices, schemes, or artifices to defraud.

22.     By reason of the foregoing, Marin and Spierdowis violated and, unless enjoined, are reasonably likely to continue to violate Section 17(a)(1) of the Securities Act, 15 U.S.C. § 77q(a)(1).

## COUNT III

### VIOLATION OF SECTION 17(a)(2) OF THE SECURITIES ACT
**(Against Marin)**

23. The Commission repeats and realleges paragraphs 1 through 15 of its Complaint as if fully set forth herein.

24. During 2014, Marin, in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly negligently obtained money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading.

25. By reason of the foregoing, Marin violated and, unless enjoined, is reasonably likely to continue to violate, Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2).

## COUNT IV

### VIOLATION OF SECTION 17(a)(3) OF THE SECURITIES ACT
**(Against Marin and Spierdowis)**

26. The Commission repeats and realleges paragraphs 1 through 15 of its Complaint as if fully set forth herein.

27. During 2014, Marin and Spierdowis, in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly negligently engaged in transactions, practices and courses of business which operated or would have operated as a fraud or deceit upon the purchasers and prospective purchasers of such securities.

28. By reason of the foregoing, Marin and Spierdowis violated and, unless enjoined, are reasonably likely to continue to violate Section 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(3).

## COUNT V

### VIOLATION OF SECTION 10(b) AND RULES 10b-5(a) AND (c) OF THE EXCHANGE ACT

29. The Commission repeats and realleges paragraphs 1 through 15 of its Complaint.

30. During 2014, Marin and Spierdowis, directly and indirectly, by use of any means and instrumentality of interstate commerce, or of the mails in connection with the purchase or sale of securities, knowingly or recklessly: (a) employed devices, schemes or artifices to defraud; and (b) engaged in acts, practices and courses of business which have operated, are now operating or will operate as a fraud upon the purchasers of such securities.

31. By reason of the foregoing, Marin and Spierdowis violated and, unless enjoined, are reasonably likely to continue to violate Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rules 10b-5(a) and (c), 17 C.F.R. § 240.10b-5(a) and (c).

## RELIEF REQUESTED

**WHEREFORE**, the Commission respectfully requests that the Court find the Defendants committed the violations alleged, and:

### Permanent Injunctive Relief

Issue a Permanent Injunction, restraining and enjoining Marin and Spierdowis, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, and each of them, from violating Sections 5(a) and 5(c) of the Securities Act, Sections 17(a)(1) and (3) of the Securities Act, and Section 10(b) of the Exchange Act and Rules 10b-5(a) and (c) thereunder, and Marin from violating Section 17(a)(2) of the Securities Act.

### Disgorgement and Prejudgment Interest Thereon

Issue an Order requiring Marin and Spierdowis to disgorge all ill-gotten profits or proceeds received as a result of the acts and courses of conduct complained of herein, with prejudgment interest thereon.

### Civil Money Penalties

Issue an Order directing Marin and Spierdowis to pay civil money penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

### Penny Stock Bar

Issue an Order pursuant to Section 20(g) of the Securities Act, 15 U.S.C. § 77t(g), and Section 21(d)(6) of the Exchange Act, 15 U.S.C. § 78u(d)(6), barring Marin and Spierdowis from participating in any future offering of a penny stock.

### Further Relief

Grant such other and further relief as may be necessary and appropriate.

## Retention of Jurisdiction

Further, the Commission respectfully requests the Court retain jurisdiction over this action and over these Defendants, in order to implement and carry out the terms of all orders and decrees that it may enter, or to entertain any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

Dated: May 2, 2018                                             Respectfully submitted,

             By: /s/ Wilfredo Fernandez
                Wilfredo Fernandez
                Senior Trial Counsel
                Fla. Bar No. 142859
                fernandezw@sec.gov
                Direct Dial:  (305) 982-6376

                Attorney for Plaintiff
                **U.S. Securities and Exchange Commission**
                801 Brickell Avenue, Suite 1800
                Miami, Florida 33131
                Telephone: (305) 982-6300
                Facsimile: (305) 536-4154